Hash, C. J.
I concur with Judge Battle, in his view of the case, that the descent is per stvrpes and not p&r capita. It is not my intention to enter into an. elaborate investigation of the subject; that has been already done; but to express in few words, my reasons for the conclusion at which I have arrived.
*93 The main prop for the argument for the descent per capita is, that our canons of descent have removed the ground upon which the descentj?<?r sti/rpes rests, and under the maxim, ces-sante ratione cessat lex, the rule itself ceases. The maxim is a just and proper one when properly applied, but approaches so near to legislation, that it ought to be resorted to with great caution. We must recollect that all rules of succession to estates are creatures of the civil polity and jtvris positim only, 2 Bl. Com. 211. There is certainly then no injustice done to any person whatever by the path of descent marked out by the municipal law. The English rules or canons of inheritances continued to be the law of this State down to the years 584 and ’95, when they were materially altered. The 2nd section of the act of ’84 abolishes primogeniture, and lets in all the sons; the third section lets in the half blood, and the last proviso provides for the succession of collaterals. Justice Blacltstone, in commenting on the 4th canon of descents, which establishes the doctrine of representation, observes that — “ This mode of representation is a necessary consequence of the double preference given by our law, first to the male issue, and second to the first born among the males,” 2nd vol. 218. Hence it is deduced as a corollary, that as the act of ’84 abolished both .rules, the maxim, cesscmte ratione cessat lex is applicable; but the maxim cannot apply; for in the 3d section of that Act which lets in the half blood, in the proviso, the Legislature declared, “that if any brother or sister of the intestate shall 'have died in the life time of the intestate, leaving issue, male or female, such issue shall represent that deceased parent, and stand in the same place he or she would have done if living, &c.” Here there is an express declaration, in the same Act abolishing the feudal principles of males of the whole blood, taking in exclusion of the half blood, and of primogeniture, that the right of taking per stirpes shall exist independent of the 2d and 3d canon of the English law of inheritance; such was the will of the Legislature, mientas stat ratione.-— "When at the session of 1808 the whole subject was revised and new modeled, and new canons established, the 5th canon declares that “onfailure of lineal descendants, &c., theinheri- *94 tance shall descend to the next collateral relations of the person last seized, &c., subject to the second and third rules.”- The 2d rule places females upon an exact equality with males, and the 3d is as follows: “ the lineal descendants of any person deceased shall represent their ancestor and stand in the same place as the person himself would have done had he been living:” now incorporate into the 5th section, the 3d section, and it will read as follows, on failure of lineal descendants, &c., the inheritance shall descend to the collateral relations of the person last seized, who shall represent their ancestor and stand in the same place as the person himself would have done had he been living. You then have substantially, and in the last two lines where representation is provided, nearly the exact words of the ordinance of ’84. Can there be a doubt then, that the Legislature, both in ’84 and in 1808 intended to preserve the right of representation among collaterals, although the feudal grounds for the rule were removed? It is.said further, that an adherence to the letter of the cannon will be sticking in the bark: Hotso: when the Legislature has plainly expressed its will upon a matter within its jurisdiction, that will must be observed, and the Courts have no right to depart from it, except when it commands that which is in itself immoral or absurd. It is further said, the word shall used in the canon, is not imperative; it certainly is imperative on Courts of Justice in deciding, upon conflicting claims of parties before them to an inheritance. It is not necessary for me to pursue the argument any further. Judge Battle has gone fully into it, and I concur with him in the conclusion to which he has arrived.